United States District Court
Southern District of Texas
**ENTERED**
February 19, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSEPH P GARBARINI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:20-CV-00216 |
| | § | |
| JANAS RANGEL, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DENY DEFENDANTS' MOTION TO DISMISS**

Plaintiff Joseph P. Garbarini, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is a Motion to Dismiss filed by Defendants Evelyn Castro and Janas Rangel.  (D.E. 36). For the reasons set forth below, it is respectfully recommended that this motion be **DENIED**.

## I.     JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.     BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and is currently housed at the McConnell Unit in Beeville, Texas.  Plaintiff's allegations in this case arise in connection with his current

housing assignment.

On August 24, 2020, Plaintiff filed this prisoner civil rights action against Food Service Manager (FSM) Janus Rangel, Warden Evelyn Castro, and unnamed McConnell Unit food service managers. (D.E. 1).  Plaintiff claims that Defendants acted with deliberate indifference to his serious medical needs by providing him with nutritiously deficient and calorie-deficient meals.  Plaintiff alleges that he has two medical conditions which impact the types of food he can eat.  His first condition is a peanut allergy, and his second condition is a spastic muscle disorder.  Plaintiff seeks injunctive relief in the form of being provided sack meals containing a variety of foods totaling no less than 2400 calories a day.

Plaintiff subsequently filed his First Amended Complaint against the same defendants.  (D.E. 15).  Plaintiff clarifies that he sues: (1) FSM Rangel in his individual and official capacities; (2) the unnamed McConnell Unit food service managers in their individual and official capacities; and (3) Warden Castro in her official capacity.  (D.E. 15, pp. 1-2).

Plaintiff alleges in his First Amended Complaint that FSM Rangel is responsible for ensuring that all inmates are properly fed.  (D.E. 15, p. 1).  He further alleges that Food Policy 13.07 allows each inmate the option of choosing a meat free tray for each meal during normal operations.  (D.E. 15, p. 3). Plaintiff lists the following as food items that could be used in his sack meals: baked fish, fried fish, tuna, fried eggs, hard boiled eggs, scrambled eggs, burritos, cheese, breads, cereals, tortillas, raisins, prunes, biscuits, pancakes, cornbread, and beans.  (D.E. 15, p. 3).  He further alleges that: (1) inmates who

wish to receive a meat-free sack meal must submit an I-60 request to the kitchen; (2) he has been submitting I-60s to the kitchen for years; and (3) the kitchen continues to send him inappropriate meals.  (D.E. 15, pp. 3-5).

On July 27, 2020, Plaintiff wrote FSM Rangel where he explained that he should be receiving meat-free and peanut butter-free sack meals and that the substitutes sent contained too few calories.  (D.E. 15, p. 4).  FSM Rangel responded on August 3, 2020 that meat-free options are sent out with the sack meals.  However, other officers stated that the kitchen sends out no meat-free substitutes.  Because he is fed so little in the sack meals, Plaintiff was forced to buy food from the commissary totaling $39.55.  (D.E. 15, p. 6).

According to Plaintiff, the kitchen served 76 sack meals from July 24, 2020 to August 18, 2020 averaging 607 calories per day.  (D.E. 15, p. 5).  During the period of time from July 24, 2020 through August 18, 2020, Plaintiff  consumed insufficient amounts of food and suffered from dizzy spells, light-headedness, low energy, and headaches.  (D.E. 15, p. 6).  Plaintiff seeks declaratory, injunctive, and monetary relief.

Plaintiff has filed a Motion for Temporary Restraining Order (TRO) and Preliminary Injunction in which he indicated that he was only eating about 600 calories per day.  (D.E. 3).  He asked the Court to direct Defendants to provide him with "sack meals containing a variety of food items that do not include meat or peanut butter and that have a daily calorie count of no less than 2400" calories.  (D.E. 3, p. 3).

On October 15, 2020, the undersigned issued a Memorandum and Recommendation (M&R), recommending that the Court: (1) retain an Eighth Amendment claim of deliberate

indifference for monetary relief against FSM Rangel in his individual capacity; (2) retain an Eighth Amendment claim for injunctive relief against Warden Castro in her official capacity as the party able to provide the injunctive relief should Plaintiff prevail; (3) dismiss Plaintiff's claims for money damages against all Defendants named in their official capacities as barred by the Eleventh Amendment; (4) dismiss the unnamed McConnell Unit food service managers from this action; and (5) deny Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction.  (D.E. 24).  The undersigned ordered service of Plaintiff's First Amended Complaint on Food Service Manager Rangel and Warden Castro.  (D.E. 30).

On November 10, 2020, District Judge David S. Morales adopted the M&R in its entirety.  (D.E. 35).  On December 4, 2020, Food Manager Rangel and Warden Castro (collectively "Defendants") filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (D.E. 36).  Plaintiff subsequently filed his response. (D.E. 37).

## III.   LEGAL STANDARD

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law.  *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).  To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States.  42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).

Under Rule 12(b)(1), a case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citing *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1887 (2d Cir. 1996)). Lack of subject matter jurisdiction may be found in three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Once the subject matter jurisdiction has been challenged, the party asserting jurisdiction retains the burden of proof that jurisdiction truly does exist. *Id.*

Rule12(b)(6), in turn, provides for dismissal of an action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its *face*.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).

A claim is said to be plausible if the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. "[A] plaintiff's obligation to prove the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 554-55. When considering a motion to dismiss, district courts are "limited to the complaint, any

documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

## IV.    DISCUSSION

### A.    Article III Standing

A motion to dismiss for lack of Article III standing is properly considered under Rule 12(b)(1). *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n.2 (2011). Standing requires: "(1) an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent; (2) a causal connection between the injury and the conduct complained of; and (3) the likelihood that a favorable decision will redress the injury." *Croft v. Governor of Tex.*, 562 F.3d 735, 745 (5th Cir. 2009) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).

As "the party invoking federal jurisdiction," Plaintiff "bears the burden of establishing these elements." *Lujan*, 504 U.S. at 561.  He must meet this burden "'with the manner and degree of evidence required at the successive stages of the litigation,'" which means that "on a motion to dismiss, plaintiffs must allege facts that give rise to a plausible claim of ... standing." *Cornerstone Christian Sch. v. Univ. Interscholastic League*, 563 F.3d 127, 133–34 (5th Cir. 2009) (quoting *Lujan*, 504 U.S. at 561).

Defendants contend that Plaintiff's allegations fail to show he suffered any actual physical harm or any impending injury.  (D.E. 36, p. 3).  Plaintiff's allegations, however, reflect that: (1) he has been provided with calorie deficient meals on numerous consecutive

days; (2) he has experienced medical issues consisting of dizzy spells, low energy, and headaches; and (3) the lack of nutritionally adequate food has forced Plaintiff to spend out of pocket for food from the unit's commissary.

Plaintiff's allegations are sufficient at this stage in the proceedings to show: (1) a concrete or actual injury; (2) the existence of a causal condition between Defendants' conduct and Plaintiff's injury; and (3) a likelihood that a favorable decision will remedy Plaintiff through his requested monetary or injunctive relief.   Because Plaintiff's allegations give rise to a plausible claim of Article III standing, the undersigned respectfully recommends that Defendants' Rule 12(b)(1) Motion to Dismiss (D.E. 36) be denied.

**B.    Plaintiff's Deliberate Indifference Claims**

Plaintiff claims that Defendants acted with deliberate indifference to his health by serving him calorie and nutritionally deficient meals.  "The Constitution does not mandate comfortable prisons . . . but neither does it permit inhumane ones, and it is now settled that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (quoting *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995) (per curiam) (internal quotations omitted)).

Prison officials are required to provide humane conditions of confinement and ensure that inmates receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  Conditions that result in "unquestioned and serious

deprivations of basic human needs" or "deprive inmates of the minimal civilized measure of life's necessities" violate the Eighth Amendment. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *see also Hudson v. McMillian*, 503 U.S. 1, 8-10 (1992).

A constitutional violation under the Eighth Amendment occurs only when two requirements are met. "First, there is an objective requirement that the condition must be so serious as to deprive prisoners of the minimal civilized measure of life's necessities, as when it denies the prisoner some basic human need." *Woods*, 51 F.3d at 581 (internal quotations and citation omitted). To prove a constitutional violation, an inmate need not show that a death or serious injury already has occurred, but rather that there is a "substantial risk of serious harm." *Ball v. LeBlanc*, 792 F.3d 584, 593 (5th Cir. 2015) (citing *Gates v. Cook*, 376 F.3d 323, 333 (5th Cir. 2004)).

"Second, under a subjective standard, [the court] must determine whether the prison official responsible was deliberately indifferent to inmate health and safety." *Woods*, 51 F.3d at 581 (internal quotations and citation omitted). Deliberate indifference is more than mere negligence. *Farmer*, 511 U.S. at 835. To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference. *Id.* at 837.

On the issue of food, the prison system is not required to provide inmates with three meals a day. *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir. 1986). "The constitution requires only that inmates be provided with well-balanced meals, containing sufficient

nutritional value to preserve health." *Davis v. Stephens*, No. 2:15-CV-211, 2015 WL 4887577, at *8 (S.D. Tex. Aug. 17, 2015) (citing *Green*, 801 F.2d at 770-71). Furthermore, "[w]ithout an allegation of resulting harm, complaints regarding food service practices simply are not of constitutional dimension." *See Billizone v. Jefferson Parish Correctional Center*, No. 14-1263, 2015 WL 1897683, at *5 (E.D. La. Apr. 27, 2015) (internal quotations and citations omitted).

"Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele,* 709 F.2d 381, 382 (5th Cir. 1983). There is no vicarious or *respondeat superior* liability of supervisors under section 1983. *Thompkins v. Belt,* 828 F.2d 298, 303-04 (5th Cir. 1987). *See also Carnaby v. City of Houston,* 636 F.3d 183, 189 (5th Cir. 2011) (the acts of subordinates do not trigger individual § 1983 liability for supervisory officials). A supervisory official may be held liable only if "(1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that causally result in the constitutional injury." *Porter v. Epps,* 659 F.3d 440, 446 (5th Cir. 2011).

### (1) FSM Rangel

### Deliberate Indifference Claim against FSM Janus

Defendants contend in their Motion to Dismiss that Plaintiff's allegations fail to show that FSM Rangel was personally involved in the alleged constitutional deprivation. (D.E. 36, pp. 8-9, 13-17). According to Defendants, Plaintiff alleges nothing to indicate that the meals served to him were nutritionally inadequate or that FSM Rangel intentionally

ignored Plaintiff's requests for more nutritional meals. (D.E. 36, pp. 14-15). Plaintiff responds that his allegations show that FSM Rangel was directly responsible for the creation of the sack meals provided to Plaintiff and for ensuring Plaintiff would receive nutritionally adequate meals. (D.E. 37, pp. 3-4).

Plaintiff's allegations advanced in First Amended Complaint reflect that: (1) he has two medical conditions, a peanut allergy and a spastic muscle disorder, which impact the types of food he can eat; (2) FSM Rangel is responsible for ensuring that all inmates are properly fed; (3) under TDCJ policy, Plaintiff has the option of choosing a meat-free tray for each meal during normal operations; (4) Plaintiff's I-60 requests for a meat-free sack meal have been ignored by FSM Rangel and other officials as the kitchen continues to send him calorie and nutritionally-deficient meals; (4) Plaintiff has consistently received meals averaging 607 calories per day; (5) Plaintiff has experienced medical issues consisting of dizzy spells, low energy, and headaches; and (6) the lack of nutritionally adequate food has forced Plaintiff to spend out of pocket for food from the unit's commissary on some occasions.

Plaintiff's allegations, taken as true, are sufficient to state a deliberate indifference claim against FSM Rangel. Plaintiff's allegations suggest that FSM Rangel was responsible for the meals provided to Plaintiff and was aware of Plaintiff's food allergies and need for calorie-sufficient meals. Plaintiff's allegations further indicate that FSM Rangel personally engaged in actions, as the person primarily responsible for inmate meal service, that exacerbated the risk of injury to Plaintiff by failing to ensure that Plaintiff

receive proper and nutritionally adequate meals.  Because Plaintiff has stated a plausible claim of deliberate indifference against FSM Rangel in his individual capacity for monetary relief, Defendants' Motion to Dismiss (D.E. 36) should be denied as to this claim.

### Qualified Immunity

Defendants contend that FSM Rangel is entitled to qualified immunity which shields him from constitutional liability in his individual capacity.  (D.E. 36, pp. 22-24).  The doctrine of qualified immunity affords protection against individual liability for civil damages to officials "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).

When a defendant invokes the defense of qualified immunity, the burden shifts to the plaintiff to demonstrate the inapplicability of the defense.  *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002).  "To discharge this burden, the plaintiff must satisfy a two-prong test.  *Atteberry v. Nocona Gen. Hosp.*, 430 F.3d 245, 253 (5th Cir. 2005).  First, he must claim that the defendant committed a constitutional violation under current law.  *Id.*  Second, he must claim that the defendant's action was objectively reasonable in light of the law that was clearly established at the time of the complained-of actions. *Id.*

Plaintiff, however, has stated a plausible deliberate indifference claim against FSM Rangel.  Based on the allegations in Plaintiff's First Amended Complaint, the undersigned

cannot conclude at this time that FSM Rangel acted objectively reasonable in light of clearly established law.  Because FSM Rangel is not entitled to qualified immunity at this time, the undersigned respectfully recommends that Defendants' Motion to Dismiss (D.E. 36) be denied on the issue of qualified immunity.[1]

### (2) Warden Castro

### Deliberate Indifference Claim against Warden Castro

Defendants contend in their Motion to Dismiss that Warden Castro should not be held liable as each of them was not personally involved in the alleged constitutional violations.  (D.E. 36, pp. 9-13).  Plaintiff responds that Warden Castro should not be dismissed from the case because he was aware of Plaintiff's complaints regarding his meals and chose to do nothing.  (D.E. 37, p. 4).

Defendants' contention is without merit.  In the M&R, Plaintiff's allegations and claims were evaluated under the Rule 12(b)(6) standard.  The undersigned concluded that Plaintiff's allegations were sufficient to state a deliberate indifference claim Warden Castro in his official capacity for injunctive relief only.  (D.E. 24, p. 11).

The undersigned did not recommend retaining Warden Castro under a vicarious or *respondeat superior* theory.  Rather, the undersigned recommended that Warden Castro be retained in this case because he is the individual most likely able to fashion the relief Plaintiff is seeking regarding the meals provided at the McConnell Unit.  (D.E. 24, p. 11).

---

[1] Any decision to deny the motion to dismiss on the issue of qualified immunity is without prejudice to FSM Rangel reasserting same through an appropriate motion for summary judgment.  Indeed, the discovery process may reveal additional facts that entitle this defendant to qualified immunity on Plaintiff's claim.  *See Zollicoffer v. Livingston*, 169 F. Supp. 3d 687, 698 (S.D. Tex. 2016).

The District Court subsequently adopted the M&R in all respects.  (D.E. 35).  Accordingly, Defendants Motion to Dismiss (D.E. 42) should be denied on the issue of whether Plaintiff has stated a claim for relief against Warden Castro in his official capacity for injunctive relief only.

## Eleventh Amendment

Defendants assert that Warden Castro is entitled to Eleventh Amendment immunity from suit.  (D.E. 36, pp. 25-28).  Plaintiff responds that he is still receiving meals he cannot eat or otherwise contain dangerously low calories.  (D.E. 37, p. 6).

"In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (internal quotations and modifications omitted).  Thus, the *Ex parte Young* exception applies when (1) a plaintiff has pled a valid claim for a violation of federal law against a state official responsible for enforcing the law at issue in that person's official capacity; (2) the claim seeks only prospective injunctive relief; and (3) the claim seeks to address a "continuing violation of federal law." *Walker v. Livingston*, 381 F. App'x 477, 478-79 (5th Cir. 2010) (per curiam) (citing *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 73 (1996)).

As discussed above, Plaintiff has successfully stated a deliberate indifference  claim sufficient to move forward.  Plaintiff's allegations suggest that any possible violations of

his Eighth Amendments rights are ongoing as he may be continuing to receive sack meals that Plaintiff either cannot eat or contain insufficient calories.[2]

Plaintiff specifically seeks prospective injunctive relief in the form of receiving meals he can consume that also contain at least 2400 calories per day.  Such relief sought by Plaintiff essentially seeks to address the continuing violations of his Eighth Amendment rights.  Because the *Ex parte Young* exception applies in this case, Defendants' Motion to Dismiss (D.E. 36) should be denied on the issue of whether Plaintiff's deliberate indifference claim against Warden Castro in his official capacity is barred by the Eleventh Amendment.

## V.    RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that the Court **DENY** Defendants' Motions to Dismiss (D.E. 36) in all respects.

Respectfully submitted on February 19, 2021.

Julie K. Hampton
United States Magistrate Judge

---

[2] In a motion filed with the Court on August 28, 2020, Plaintiff informed the Court that he began to receive hot meals on August 18, 2020.  (D.E. 11, p. 2).  Plaintiff, however, did not state that he receives at all times proper and calorie-sufficient hot meals or otherwise indicate that he no longer receives inadequate sack meals.

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).