United States District Court
Southern District of Texas
**ENTERED**
January 12, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOSEPH P GARBARINI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:20-CV-00216 |
| | § | |
| JANAS RANGEL, *et al.*, | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM AND RECOMMENDATION
# TO GRANT DEFENDANTS' MOTION TO DISMISS

Plaintiff Joseph P. Garbarini, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) filed by Defendants Angel Janas[1], Victor Quiroga, and Evelyn Castro. (D.E. 63). For the reasons set forth below, it is respectfully recommended that this motion be **GRANTED**.

## I.    JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

---

1 The Court was advised by counsel that the legal name for Defendant "Janas Rangel" is Angel Janas. (D.E. 63, p.1).

## II.     BACKGROUND AND PLAINTIFF'S ALLEGATIONS

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID).  Although Plaintiff Garbarini was previously housed at the McConnell Unit in Beeville, Texas, he was recently transferred to the Wynn Unit in Huntsville, Texas. (D.E. 62) (notice of change of address).  Plaintiff's allegations in this case arise in connection with his previous housing assignment.

On August 24, 2020, Plaintiff filed this prisoner civil rights action against Food Service Manager (FSM) Janus Rangel, Warden Evelyn Castro, and unnamed McConnell Unit food service managers. (D.E. 1).  Plaintiff claims that Defendants acted with deliberate indifference to his serious medical needs by providing him with nutritiously deficient and calorie-deficient meals.  Plaintiff alleges that he has two medical conditions which impact the types of food he can eat.  His first condition is a peanut allergy, and his second condition is a spastic muscle disorder.  Plaintiff seeks injunctive relief in the form of being provided sack meals containing a variety of foods totaling no less than 2400 calories a day.

Plaintiff subsequently filed his First Amended Complaint against the same defendants. (D.E. 15).  Plaintiff clarifies that he sues: (1) FSM Rangel in his individual and official capacities; (2) the unnamed McConnell Unit food service managers in their individual and official capacities; and (3) Warden Castro in her official capacity.  (D.E. 15, pp. 1-2).

Plaintiff alleges in his First Amended Complaint that FSM Rangel is responsible for ensuring that all inmates are properly fed. (D.E. 15, p. 1). He further alleges that Food Policy 13.07 allows each inmate the option of choosing a meat free tray for each meal during normal operations. (D.E. 15, p. 3). Plaintiff lists the following as food items that could be used in his sack meals: baked fish, fried fish, tuna, fried eggs, hard boiled eggs, scrambled eggs, burritos, cheese, breads, cereals, tortillas, raisins, prunes, biscuits, pancakes, cornbread, and beans. (D.E. 15, p. 3). He further alleges that: (1) inmates who wish to receive a meat-free sack meal must submit an I-60 request to the kitchen; (2) he has been submitting I-60s to the kitchen for years; and (3) the kitchen continues to send him inappropriate meals. (D.E. 15, pp. 3-5).

On July 27, 2020, Plaintiff wrote FSM Rangel where he explained that he should be receiving meat-free and peanutbutter-free sack meals and that the substitutes sent contained too few calories. (D.E. 15, p. 4). FSM Rangel responded on August 3, 2020 that meat-free options are sent out with the sack meals. However, other officers stated that the kitchen sends out no meat-free substitutes. Because he is fed so little in the sack meals, Plaintiff was forced to buy food from the commissary totaling $39.55. (D.E. 15, p. 6).

According to Plaintiff, the kitchen served 76 sack meals from July 24, 2020 to August 18, 2020 averaging 607 calories per day. (D.E. 15, p. 5). During the period of time from July 24, 2020 through August 18, 2020, Plaintiff consumed insufficient amounts of food and suffered from dizzy spells, light-headedness, low energy, and headaches. (D.E.

15, p. 6). In his first Amended Complaint, Plaintiff seeks declaratory, injunctive, and monetary relief.

Plaintiff has filed a Motion for Temporary Restraining Order (TRO) and Preliminary Injunction in which he indicated that he was only eating about 600 calories per day. (D.E. 3). He asked the Court to direct Defendants to provide him with "sack meals containing a variety of food items that do not include meat or peanut butter and that have a daily calorie count of no less than 2400" calories. (D.E. 3, p. 3).

On October 15, 2020, the undersigned issued a Memorandum and Recommendation (M&R), recommending that the Court: (1) retain an Eighth Amendment claim of deliberate indifference for monetary relief against FSM Rangel in his individual capacity; (2) retain an Eighth Amendment claim for injunctive relief against Warden Castro in her official capacity as the party able to provide the injunctive relief should Plaintiff prevail; (3) dismiss Plaintiff's claims for money damages against all Defendants named in their official capacities as barred by the Eleventh Amendment; (4) dismiss the unnamed McConnell Unit food service managers from this action; and (5) deny Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction. (D.E. 24).

On November 10, 2020, District Judge David S. Morales adopted the M&R in its entirety. (D.E. 35). On December 4, 2020, Food Manager Rangel and Warden Castro filed a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (D.E. 36). Plaintiff subsequently filed his response. (D.E. 37).

On February 19, 2021, the undersigned issued an M&R recommending that the Court deny the Defendants' motion to dismiss in all respects. (D.E. 39). On March 19, 2021, District Judge Morales adopted the M&R in its entirety. (D.E. 40).

Plaintiff sought leave to amend his complaint for a second time, and the Court granted the request. (D.E. 55). On July 12, 2021, Plaintiff filed the second amended complaint (D.E. 56), which is now the operative pleading in this case. In the second amended complaint, Plaintiff added Defendant Victor Quiroga and extended the allegation of calorie-deficient meals to the date of the filing of the second amended complaint. Further, Plaintiff's second amended complaint now requests declaratory/injunctive relief and court costs only (as opposed to monetary damages). (D.E. 56, p. 10).

On September 2, 2021, Defendants Rangel, Castro, and Quiroga (collectively "Defendants") filed the instant motion to dismiss (D.E. 63) arguing that, because Plaintiff has now been transferred to the Wynne Unit, his claims in the second amended complaint are rendered moot and the Court lacks subject matter jurisdiction. Plaintiff filed a response agreeing that his "requests for injunctions are moot" because he has been transferred. (D.E. 64, p. 1). Plaintiff, however, continues his request to be reimbursed for court costs only. (D.E. 64, p.1). Defendants filed a reply to Plaintiff's response to address the issue of whether Plaintiff can be awarded court costs. (D.E. 69). In the reply, Defendants argue that Plaintiff cannot be a "prevailing party" pursuant to Federal Rule of Civil Procedure 54(d)(1) and, therefore, cannot be awarded court costs.

### III. LEGAL STANDARD

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988).

Under Federal Rule of Civil Procedure 12(b)(1), a case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citing *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1887 (2d Cir. 1996)). Lack of subject matter jurisdiction may be found in three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Once the subject matter jurisdiction has been challenged, the party asserting jurisdiction retains the burden of proof that jurisdiction truly does exist. *Id*.

### IV. DISCUSSION

#### A. Article III and Subject Matter Jurisdiction

Article III of the United States Constitution mandates that federal courts may only adjudicate "cases" or "controversies," which must exist at all stages of a litigation. U.S. CONST. art. III, § 2. Without an actual case or controversy, a federal court has no subject

matter jurisdiction. *See Genesis Healthcare Corp. v. Symczyk*, 596 U.S. 66, 71-72 (2013); *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477, (1990). For purposes of Article III, a matter becomes moot if the issues raised are no longer live or if the plaintiff lacks a legally cognizable interest in the outcome. *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013). A case "becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Service Employees*, 567 U.S. 298, 308 (2012). If an event occurs that deprives the plaintiff of a personal stake in the outcome of the case or makes it impossible for a court to grant effectual relief to it, the case must be dismissed as moot. *Genesis*, 596 U.S. at 71; *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 921 n. 5 (5th Cir. 2008); *see also Wilmington Tr., Nat'l Ass'n. v. Blizzard*, No. A-15-CA-236-SS, 2015 WL 3457619, at *2 n.3 (W.D. Tex. May 28, 2015) (noting that mootness is considered under Rule 12(b)(1)).

The court has an initial and continuing independent obligation under Fed. R. Civ. P. 12(b)(1) to review and dismiss cases in which it lacks subject-matter jurisdiction, even in the absence of a challenge from any party. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Rule 12(b)(1) allows a court to dismiss the case whenever it appears the court lacks jurisdiction of the subject matter. In fact, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The Fifth Circuit has repeatedly found that an inmate's transfer from one prison/detention facility to another renders moot his Section 1983 claims for declaratory and injunctive relief. *Wilson v. Texas Dept. of Criminal Justice*, 544 F. Appx. 440 (5th

Cir. 2013); *Herman and Holiday*, 238 F.3d 660, 665 (5th Cir. 2001); *Beck v. Lynaugh*, 842 F.2d 759, 762 (5th Cir. 1988); *Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991).

Plaintiff seeks injunctive/declaratory relief in his second amended complaint. Plaintiff now agrees that those matters are now moot due to his transfer to the Wynne Unit. Because Plaintiff was transferred to the Wynne Unit after he filed his second amended complaint, his equitable claims against Defendants, who are McConnell Unit employees, are now moot and must be dismissed because the Court lacks subject matter jurisdiction.

### B. Court Costs

Regarding Plaintiff's continued request to be awarded court costs, Federal Rule of Civil Procedure 54(d)(1) permits the Court to award costs other than attorney's fees to the "prevailing party." Section 1988(b) authorizes a fee award to a "prevailing party."

Whether a party is a prevailing party is a question of law for the Court. *Veasey v. Abbott*, 13 F.4th 362, 367 (5th Cir. 2021). The Supreme Court set forth the requirements for earning status as a prevailing party in *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598, 604 (2001). There the Court held that a prevailing party "must achieve some judicially sanctioned relief that either creates or materially alters a legal relationship between the parties." *Petteway v. Henry*, 738 F.3d 132, 137 (5th Cir. 2013) (*citing Buckhannon*, 532 U.S. at 604).

Following *Buckhannon*, the Fifth Circuit established three requirements that must be satisfied for a plaintiff to demonstrate prevailing party status: "(1) the plaintiff must achieve judicially-sanctioned relief, (2) the relief must materially alter the legal relationship between the parties, and (3) the relief must modify the defendant's behavior in a way that directly benefits the plaintiff at the time the relief is entered." *Id.* (*citing Dearmore v. City of Garland*, 519 F.3d 517, 521 (5th Cir. 2008)). A prevailing party is "one who has been awarded ... at least some relief on the merits," and there must be "judicial imprimatur on the change" in the legal relationship between the parties. *Buckhannon*, 532 U.S. at 603, 605, 121 S.Ct. 1835.

Here, although Plaintiff has been transferred to another prison facility, there has been no "judicially sanctioned relief" as a result of this litigation to authorize the Court to deem Plaintiff as a prevailing party. Therefore, court costs should not be awarded.

## V. RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that the Court **GRANT** Defendants' Motions to Dismiss (D.E. 63) in all respects.

Respectfully submitted on January 12, 2022.

_____
Julie K. Hampton
United States Magistrate Judge

## **NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).